UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

JONATHAN LANE,

    Petitioner,

    v.      CAUSE NO. 1:26-CV-43-GSL-JEM

SHERIFF,

    Respondent.

OPINION AND ORDER

Jonathan Lane, a prisoner without a lawyer, filed a habeas petition challenging his pretrial detention in connection with Case No. 02D05-2512-F5-453 filed in the Allen Superior Court. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Lane asserts that he is entitled to habeas relief due to issues with the police investigation and the strength of the prosecution's case against him, which the court construes as claim that Lane is being unlawfully detained without probable cause. According to the electronic docket for the State courts, on March 3, 2026, the Allen Superior Court held a bench trial and convicted Lane of conversion, criminal mischief, and attempted residential entry.[1] As a result, Lane cannot proceed on his claims challenging his pretrial detention because his conviction rendered any such

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

claims moot. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) ("In general a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. It would seem clear that under this general rule Hunt's claim to pretrial bail was moot once he was convicted."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("Once Mr. Jackson was convicted, the claims concerning his pre-trial confinement became moot.'). Because the claims are moot, the court will dismiss the habeas petition.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or whether the petition states a valid habeas claim. Therefore, the court denies Lane a certificate of appealability.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claim is moot;

(2) DENIES Jonathan Lane a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on March 4, 2026

                                                /s/Gretchen S. Lund
                                                JUDGE
                                                UNITED STATES DISTRICT COURT